IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KANDY LINTHICUM, | : | Case No. 1:02-cv-480 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | |
| P.O. ROBERT JOHNSON *et al.*, | : | ORDER DENYING PLAINTIFF'S |
| | : | MOTION TO COMPEL DISCOVERY, |
| Defendants. | : | MOTION FOR SANCTIONS, AND |
| | : | PLAINTIFF'S MOTION FOR |
| | | VOLUNTARY DISMISSAL |

This matter comes before the Court on Plaintiff Kandy Linthicum's Motion to Compel Discovery, Motion for Sanctions, and Request for Hearing (doc. 71, hereinafter "Motion to Compel"), Plaintiff's Motion for Voluntary Dismissal (doc. 90), and Defendant City of Cincinnati's Memorandum in Opposition to Plaintiff's Motion to Compel, Motion for Sanctions, and Motion for Voluntary Dismissal (doc. 92).  For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Compel and Motion for Voluntary Dismissal.

I.   Plaintiff's Motion to Compel

The parties in this case had ample time to complete discovery.  Plaintiff filed the case on July 1, 2002, and the Court set an initial discovery deadline of May 13, 2003.  Thereafter, the Court pushed that deadline back several times, resulting in a final discovery deadline of April 15, 2005, such that the parties had approximately two and a half years to complete discovery.

On November 22, 2004, several months prior to the close of discovery, Defendant City of Cincinnati provided Plaintiff with answers to interrogatories and produced over 1200 pages of records that Plaintiff requested.  Specifically, the City provided Plaintiff with four composite

exhibits or summaries listing the following for the years 1994 through 2004: (1) all of the officers who were dismissed; (2) officers who were suspended and had their suspensions reduced; (3) officers who were dismissed and then reinstated; and (4) officers who were suspended and did not receive a reduction or reversal of their suspensions.  (Doc. 71, ex. 2-5.) Defendant also produced the voluminous records underlying the composite exhibits.

With her Motion to Compel, filed more than a year after the close of discovery and less than three weeks prior to the scheduled trial date, Plaintiff Linthicum now claims that the City failed to provide additional records that cast the City in a bad light and that the lists Defendant provided are incomplete, inaccurate, and misleading.  Plaintiff requested that the Court re-open discovery to depose those individuals responsible for providing the records, order Defendant to produce the missing documents and to retain an independent auditor at the City's expense to ensure compliance, award Plaintiff attorney fees for the time Plaintiff's counsel devoted to discovering the missing documents and other discovery problems, and sanction the City.

Defendant City of Cincinnati opposes Plaintiff's motion on the basis that it is untimely and that the City responded to Plaintiff's discovery requests to the best of its ability.  Plaintiff contends that until recently she had relied on the accuracy of the summary lists the Defendant provided and did not discover the alleged inaccuracies and undisclosed documents until she began reviewing the underlying records in preparation for trial.

District courts are accorded broad discretion in managing discovery. See Ghandi v. Police Dep't of City of Detroit, 747 F.2d 338, 354 (6th Cir.1984). "[I]t is well established that the scope of discovery is within the sound discretion of the trial court. Accordingly, denials of motions to compel discovery are reviewed only for an abuse of discretion." Lavado v. Keohane,

992 F.2d 601, 604 (6th Cir.1993) (internal citations omitted).

While the Court appreciates that Plaintiff did not scrutinize the more than 1200 pages of records defendant produced until recently, the Court also notes that the Plaintiff has had these documents for nearly two years and any delay in reviewing them is the result of Plaintiff's own planning. The Court will not entertain discovery disputes two to three weeks prior to trial in the absence of extenuating circumstances. This policy is particularly necessary in cases such as this, where there is little to suggest that the Plaintiff could not have brought the dispute to the Court's attention at an earlier time and where the additional discovery the Plaintiff seeks is somewhat vague and would likely require further continuing the trial date in a case that has been pending for more than four years. Accordingly, the Court denies Plaintiff's motion the compel. See Trimbur v. Ky. Lottery Corp., No. 01-5040, 2003 WL 21212543, at *4 (6th Cir. May 22, 2003) (holding that the district court did not abuse its discretion in denying the plaintiff's motion to compel where the plaintiff "waited until two weeks before trial to file her motion to compel, and . . . her request for documents was 'unusually overbroad'"); Johnson v. Hensley, No. 02-6041, 2003 WL 1795709 (6th Cir. March 27, 2003) (holding that "[t]he district court did not abuse its discretion because [the plaintiff] filed his motion to compel two years after the response to discovery had been submitted by the defendants"); Suntrust Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196, 200 (E.D. Mich. Aug. 31, 2002) ("In numerous cases, courts have denied tardy discovery motions that were filed after the close of discovery, especially where the moving party had all the information it needed to timely file the discovery motion, and its late filing would prejudice the non-moving party.").

II.     Plaintiff's Motion for Voluntary Dismissal

On November 21, 2006, Plaintiff filed a motion asking the Court to allow Plaintiff to dismiss this case without prejudice in the event the Court granted Defendant's Motion to Exclude Expert Testimony of Mark Iris, Emily Meyers, and Katie Basista. (Doc. 90.) The following day, on November 22, 2006, the Court granted Defendant's motion to exclude Plaintiff's expert witnesses on the basis that Plaintiff failed to disclose those witnesses in a timely manner. (Doc. 93.) Plaintiff seeks a voluntary dismissal without prejudice so that she will not be prejudiced by the inability of her expert to testify. Defendant City of Cincinnati opposes Plaintiff's motion, pointing out that Plaintiff filed the motion only twelve days before trial and is seeking a voluntary dismissal in order to avoid the consequences of failing to comply with the expert witness disclosure requirements of Federal Rule of Civil Procedure 26(a)(2).

Rule 41(a)(2) of the Federal Rules of Civil Procedure authorizes the Court to order a dismissal without prejudice of this action, upon motion of Plaintiff, "upon such terms and conditions as the court deems proper." The Court has broad discretion in determining whether dismissal is warranted under Rule 41(a)(2). Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." Id. It is an abuse of discretion to grant such a dismissal "where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Id. (citing Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947)).

In determining whether Defendant will suffer plain legal prejudice, the Court should "consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient

4

explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Under the circumstances of this case, these factors weigh heavily against Plaintiff. As stated above, this case has been pending for over four years. Defendants have put considerable time and effort into defending Plaintiff's claims. Defendants filed both a motion to dismiss and a motion for summary judgment, and the Court denied both motions, determining that the case should proceed to trial by jury.

With a mere twelve days remaining before trial, Plaintiff now seeks dismissal because of Plaintiff's counsel's failure to disclose her expert witnesses in a timely manner. The Court does not find that Plaintiff will be so unduly prejudiced by her inability to present expert testimony as would outweigh the unjust and unnecessary expense and inconvenience that Defendants would likely suffer if the Court were to permit Plaintiff to dismiss and re-file this lawsuit. Indeed, allowing such a dismissal would subject Defendants to a new discovery period and extended delay in reaching a resolution of the claims in this case. Accordingly, the Court denies Plaintiff's Motion for Voluntary Dismissal.

III. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Compel and Motion for Voluntary Dismissal.

IT IS SO ORDERED.

                                                ___s/Susan J. Dlott_____
                                                Susan J. Dlott